```
                IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF DELAWARE


JOHN R. KELLER, JOSE M. BAEZ,    )
AUGUSTIN DONATO, EDWIN           )
FIGUEROA, BARNABE REYES,         )
WILLIAM FIGUEROA, MARCOS         )
MARTINEZ, CARLA PEREZ, RAMON     )
PEREZ, and ESTEBAN VELAZQUEZ,    )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )   Civ. No. 03-774-SLR
                                 )      (Lead case)
CITY OF WILMINGTON, MAURICE      )
HUSSER, individually and in      )
his official capacity, ROBERT    )
MILES, individually and in       )
his official capacity, and       )
MONICA GONZALEZ-GILLESPIE,       )
individually and in her          )
official capacity,               )
                                 )
         Defendants.             )
```

**MEMORANDUM ORDER**

I.  **INTRODUCTION**

On August 1, 2003, plaintiffs John Keller ("Keller"), Carla Perez ("C. Perez"), William Figueroa ("W. Figueroa"), Bernabe Reyes ("Reyes"), Ramon Perez ("R. Perez"), Esteban Velazquez ("Velazquez"), Marcos Martinez ("Martinez"), Edwin Figueroa ("E. Figueroa"), Augustin Donato ("Donato") and Jose Baez ("Baez") filed suit alleging racial discrimination, hostile work environment and harassment in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"), 42

N/A

U.S.C. § 1981 (" § 1981") and 42 U.S.C. § 1983 ("§ 1983").[1]  Named as defendants were:  (1) the City of Wilmington ("City"); (2) Monica Gonzalez-Gillespie, Director of the City's Personnel Department; (3) Maurice Husser, Water Supervisor of the City's Department of Public Works; (4) Robert Miles, Sanitation Supervisor of the City's Department of Public Works.[2]  (D.I. 1) Plaintiffs contend that they have been subjected to a continuing course of race-based employment discrimination by defendants. (D.I. 1)

On July 25, 2004, plaintiffs Keller, Figueroa and Martinez filed suit alleging retaliation pursuant to Title VII, §§ 1981 and 1983.  Keller v. City of Wilmington, Civ. No. 04-899-SLR, (D. Del.)(D.I. 1).  The complaint added defendant Kash Srinivasan ("Srinivasan"), the City's Commissioner of Public Works.[3]  (Id.) The two actions were consolidated by stipulation dated November 9, 2004.  (Id., D.I. 7)

---

[1] Plaintiffs are nine current or former employees of the City of Wilmington's Department of Public Works and one current employee of the City's Department of Parks and Recreation. Although filed together, their claims constitute ten separate employment discrimination cases and not a class action.  With the exception of Keller and C. Perez, who are Caucasian, the remaining  plaintiffs are Hispanic.  (D.I. 89)

[2] According to defendants, Gillespie is Hispanic; Husser and Miles are African-American.  (D.I. 89)

[3] Defendants identify Srinivasan as of "Indian descent." (D.I. 89 at 6)

Defendants moved for summary judgment in both actions. (D.I. 89)  The matter is fully briefed.  (D.I. 89-104)  The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4).

## II.   BACKGROUND

Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 6, 2001.  (D.I. 1)  The EEOC requested additional information and forward questionnaires for completion.  After receiving the questionnaire responses, the EEOC conducted an investigation. Right-to-sue letters were issued to each plaintiff on May 7, 2003.[4]

On September 4, 2003, plaintiffs Keller, W. Figueroa and Martinez filed an additional EEOC charge alleging retaliation and naming .  The EEOC investigated and issued right-to-sue letters. Subsequently, the cases at bar were filed.

## III.  STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of proving that no

---

[4]Velazquez received his right to sue letter at a later date.

genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**IV.  DISCUSSION**

Having reviewed the voluminous submissions presented by the parties, the court finds that the record is too indefinite for summary judgment to be granted.  Similarly, the manner in which the issues and claims have been presented is too difficult for one jury to consider.  As a result, the court plans to try this case in stages, with the clearest cases, plaintiffs Keller and W. Figueroa, proceeding to trial first.  Trial of the remaining plaintiffs' claims will be scheduled at a later date.

**V.  CONCLUSION**

At Wilmington this 31st day of October, 2005, for the reasons stated, defendants' motion for summary judgment is denied.  (D.I. 88)

                                                        *[signature]*
                                     United States District Judge