IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN R. KELLER, et al.,          :
                                 :
        Plaintiffs,              :
                                 :
    v.                           :   Civil Action Nos.: 03-774-JJF
                                 :                      04-899-JJF
                                 :
                                 :
CITY OF WILMINGTON, et al.,      :
                                 :
        Defendants.              :

---

Philip B. Bartoshesky, Esquire of BIGGS AND BATTAGLIA,
Wilmington, Delaware.
Attorney for Plaintiffs.

Marvin C. Meltzer, Esquire of CITY OF WILMINGTON LAW DEPARTMENT,
Wilmington, Delaware.
Attorney for Defendants.

---

**MEMORANDUM OPINION**


March 30, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion For New Trial (D.I. 157). For the reasons discussed, the Motion will be denied.

## I. BACKGROUND

On August 1, 2003, Plaintiffs filed a complaint alleging racial discrimination, hostile work environment, and harassment in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000(e) et seq., 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff Carla Perez is a Caucasian female and was previously employed in the Sanitation Department of the City of Wilmington. Plaintiff Ramon Perez is a Hispanic male who previously worked in the Sanitation Department and who is currently working in the Street Cleaning Division of the City of Wilmington. Plaintiffs contend that they have been subjected to a continuing course of race-based employment discrimination by Defendants.

This case was originally assigned to Chief Judge Robinson. Prior to transfer, Judge Robinson ruled on several motions in limine. As a result of those rulings, the testimony of other City of Wilmington employees alleging discrimination was excluded absent evidence that the employees were exposed to the same decision makers as Plaintiffs. The Court also ruled that Mayor Baker's testimony regarding the 1995 layoffs and Mayor Sills' comments about those layoffs were inadmissible.

1

The Court held a pretrial conference on January 23, 2006, at which the Court affirmed Judge Robinson's previous in limine rulings. The Court conducted a four-day trial beginning February 6, 2006. The jury returned a verdict in favor of Defendants. Plaintiffs now move for a new trial on the basis that the Court committed prejudicial error by excluding certain testimony during trial.

## II. Standard of Review

In relevant part, Rule 59 of the Federal Rules of Civil Procedure provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

Fed. R. Civ. P. 59(a). The district court has broad discretion to grant or deny a new trial. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). "A new trial may be granted where the verdict is against the clear weight of the evidence, damages are excessive, the trial was unfair, or substantial errors were made in the admission or rejection of evidence or the giving or refusing of instructions." Threadgill v. Manville Corp. Asbestos Disease Compensation Fund, 1990 U.S. Dist. LEXIS 19083, at *3 (D. Del. 1990)(citing Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp., 576 F. Supp. 107, 124 (D. Del. 1983)). A new trial is warranted based on a court's decision to admit or

exclude evidence if that ruling affects a substantial right of a party. <u>Becker v. ARDCO Chem. Co.</u>, 207 F.3d 176, 180 (3d Cir. 2000).

### III. Discussion

Plaintiffs contend that the Court erred with respect to two evidentiary rulings: (1) the decision to exclude as unduly prejudicial and confusing the testimony of Mayor Baker as it related to the 1995 lay-offs and comments made by then-Mayor Sills and (2) the decision to exclude as unduly prejudicial the testimony of other City of Wilmington employees who alleged discriminatory employment practices.

As to Mayor Baker's testimony, Judge Robinson determined, and parties agreed, that Plaintiffs' instant claims of discrimination have no connection to the 1995 lay-off or the comments made by then-Mayor Sills (D.I. 157, Exhibit 1 at 11, 13). Specifically, Judge Robinson concluded that Mayor Sills' comments were directed solely to the 1995 lay-offs and litigation following those lay-offs, and therefore, such evidence would be unduly prejudicial because it was too far removed from Plaintiffs' situation. The Court agrees and concludes that because the 1995 lay-offs and related comments have no connection to Plaintiffs' claims, the danger of unfair prejudice substantially outweighs any probative value the testimony may have. <u>Fed. R. Evid.</u> 403. Furthermore, the introduction of such

evidence would likely confuse the jury by creating the appearance that Plaintiffs were somehow connected to the 1995 lay-offs. Accordingly, the Court concludes that exclusion of this evidence was not a substantial error requiring a new trial.

Second, Plaintiffs challenge the Court's "blanket" exclusion of the testimony of other employees who allege that Defendants subjected them to discriminatory employment practices. Plaintiffs, however, misinterpret the Court's Order. The Court's November 8, 2005 Order (D.I. 124) states that such evidence would be admissible provided that Plaintiffs could show that the witnesses offering the testimony were exposed to the same decision makers as Plaintiffs. This was not a blanket exclusion; only those witnesses whose employment conditions were impacted by decision makers different than those of Plaintiffs were excluded from testifying at trial. Judge Robinson properly concluded that testimony regarding the circumstances of employees subjected to different conditions would serve only to confuse and mislead the jury, a result which would cause undue prejudice to Defendants. Fed. R. Evid. 403; United States v. Butch, 256 F.3d 171, 175-76 (3d Cir. 2001) (even where evidence could be admissible under Rule 404(b), the Court must conduct a balancing test to determine whether the probative value is substantially outweighed by the prejudicial effect). The jury would likely interpret the testimony of these witnesses, who were not similarly situated to

4

Plaintiffs, as evidence of racial discrimination against Plaintiffs, when Plaintiffs were employed in different departments, performing different jobs, and working under different supervision. Accordingly, the Court concludes that the evidence was properly excluded, and Plaintiffs' Motion For New Trial will be denied.

## IV. CONCLUSION

For the reasons discussed, the Court will deny Plaintiffs' Motion For New Trial (D.I. 157).

An appropriate Order will be entered.